UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CHARLES DIDIER CALIXTE,

                        Plaintiff,                        **MEMORANDUM AND ORDER**
                                                                            22-CV-6018 (RPK)

     -against-

LEGAL SERVICES NYC,

                        Defendant.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

       *Pro se* plaintiff Charles Didier Calixte sues Legal Services NYC for various claims relating to assistance he received in preparing his 2020 and 2021 taxes. *See* Compl. 6–7 (Dkt. #1). Plaintiff's application to proceed *in forma pauperis* is granted, but plaintiff's complaint is dismissed for the reasons discussed below. Plaintiff may submit an amended complaint within thirty days of this order.

## BACKGROUND

       Plaintiff alleges that Legal Services NYC committed fraud on his 2020 and 2021 New York 1099 tax forms. *Id*. at 6. Plaintiff does not describe the alleged fraud, but he asserts that he suffered damages of "$3000 and up" in 2020 and "$7000 and up" in 2021. *Ibid*. Plaintiff also asserts that defendant made "unauthorize[d] transactions" using his bank account. *Ibid*.

       After discovering the alleged fraud, plaintiff reported defendant to the Internal Revenue Service, the Federal Trade Commission, and the New York Labor Department. *Id*. at 7. He alleges that he has since experienced "[s]abotage in [his] apartment," "plotting [of his] arrest," and "evict[ion]." *Ibid*. Plaintiff also asserts that "as a result of [his] actions," defendant has

1

"us[ed] the legal system to seek justice against [him,] a black man[,] based on racial inequities and punishment." *Ibid*.

As a basis for federal jurisdiction, plaintiff lists the Americans with Disabilities Act, as well as "identity theft fraud/money/deprivation of rights/human rights." *Id.* at 4.

Construed liberally, plaintiff's complaint can be read as bringing federal claims under the Americans with Disabilities Act and 42 U.S.C. § 1983. *Ibid*.

## STANDARD OF REVIEW

When a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if it determines that the complaint is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing Fed. R. Civ. P. 8).

A *pro se* plaintiff's complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks and citations omitted).

## DISCUSSION

Plaintiff fails to plead a plausible claim under the Americans with Disabilities Act. To maintain such a claim, plaintiff must plausibly establish, among other things, that "he is a qualified individual with a disability" and that "he was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated

against by the defendant because of his disability." *McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012). Plaintiff's complaint includes no allegations regarding either requirement. It does not allege any facts suggesting that plaintiff is a qualified individual with a disability, nor does it allege that plaintiff was denied a service or otherwise discriminated against by defendant because of a disability. *See* Compl. 5–7.

Plaintiff also fails to state a plausible claim under Section 1983. "It is well established that in order to state a claim under § 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir. 1993). Defendant, a non-profit legal aid organization, does not ordinarily operate under the color of state law. *See, e.g.*, *Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) ("[A] legal aid society ordinarily is not a state actor amenable to suit under § 1983."); *Kaminski v. Semple,* 796 F. App'x 36, 39 (2d Cir. 2019); *Brown v. Legal Aid Soc.*, 367 F. App'x 215, 216 (2d Cir. 2010); *Graseck v. Mauceri*, 582 F.2d 203, 208 (2d Cir. 1978). And plaintiff has not asserted facts that plausibly allege that defendant acted under color of state law in his case.

To the extent that plaintiff's complaint could be construed to raise any state-law claims, the Court declines to exercise supplemental jurisdiction over them. Four factors bear on whether it is appropriate to exercise supplemental jurisdiction: "judicial economy, convenience, fairness, and comity." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 81 (2d Cir. 2018). This case is still in its preliminary stages. "It is well settled that where . . . the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendant jurisdiction over remaining state law claims." *Klein & Co. Futures Inc. v. Bd. of Trade*, 464 F.3d

255, 262 (2d Cir. 2006). Accordingly, I decline to exercise supplemental jurisdiction over any state-law claims that plaintiff asserts.

## CONCLUSION

Plaintiff's application to proceed *in forma pauperis* is granted, but his complaint is dismissed without prejudice. Plaintiff may file an amended complaint within thirty days of this order. Plaintiff is advised that any amended complaint will completely replace, not supplement, his prior pleading. If plaintiff does not file an amended complaint within the time allotted, judgment shall be entered dismissing the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

          /s/ Rachel Kovner
          RACHEL P. KOVNER
          United States District Judge

Dated:     November 9, 2022
           Brooklyn, New York